BOUTALL, Judge.
This is a proceeding in mandamus seeking to order the defendant to turn over to the President of the Board of Commissioners, Lake Borgne Basin Levee District, certain books and records of the district which defendant had in his possession as sécretary of the Board of Commissioners. Defendant filed exceptions claiming that the plaintiffs had no legal authority to proceed by way of mandamus to test his right to hold office and further claiming that the court was without jurisdiction to render a judgment issuing a Writ of Mandamus since there was a genuine controversy as to his right to office. The trial court maintained the defendant’s exceptions, and plaintiffs applied to this court for Writs of Prohibition, Certiorari and Mandamus. We issued a Writ of Certiorari.
Petitioners are Edwin Edwards, Governor of the State of Louisiana, and the Board of Commissioners, Lake Borgne Basin Levee District. The petition alleges that the Governor, pursuant to Art. 16 § 1 of the Constitution of Louisiana, appointed Raymond Willhoft and Ferdinand Meyers members of the Board of Commissioners of the Lake Borgne Basin Levee District; that they received their commissions and took their oaths, filing them with the Secretary of State and the Clerk of Court for the Parish of St. Bernard. A special meeting was held for the purpose of organizing the Board, (R.S. 38:1074) and Raymond Willhoft was elected President. They further allege that the defendant Louis P. Munster was discharged as Secretary of the Board, and that he refuses to turn over the books, records and financial accounts of the Board; that he has removed these records from the office of the Board and continues to keep them despite several demands upon him by petitioners. Petitioners prayed for an alternative Writ of Mandamus to issue, ordering the defendant to turn over the requested books and records to Raymond Willhoft, the President of the Board, or to show cause to the contrary. Hearing was set for October 27, 1972.
At the time of the hearing, there was no answer filed (C.C.P. art. 3783), but there were two other pleadings filed. The first was a motion to dismiss filed by the District Attorney as ex officio legal representative of the Board alleging that the Board of Commissioners did not authorize the filing of suit and asking that the Board be dismissed as a party plaintiff to the proceeding. This motion was dismissed by the trial court, and is- not before us for consideration except insofar as it relates to the issue raised on the exceptions. The other pleading filed was exceptions by the defend *582 ant, Louis Munster, contending that the suit is in effect a suit to try title to his office and hence not a proper basis for a mandamus proceeding. The trial court found that there was an issue of title to office before it, and maintained the exceptions, dismissing plaintiff’s suit. It is from this ruling alone that the application for writs was taken and this ruling is the only issue before us.
The record reflects that when the matter came on for hearing, the trial court took up both the motion to dismiss and the exceptions. It is to be noted that the motion to dismiss was based upon a resolution of the Board of Commissioners, composed of two previous appointees to the Board of Commissioners, who contend that they are the legal members of the Board, together with Raymond Willhoft. In effect this resolution denies only that Ferdinand Meyers is a member of the Board.[1] However, the exception filed by the defendant does not contest directly the right of the two new members to be recognized, but asserts that it is defendant’s office as Secretary that is in question.
The trial court permitted defendant to testify that a certain Irvin J. G. Janssen was a proper member of the Board rather than Meyers. The trial judge then refused to permit Willhoft and Meyers to testify or introduce any evidence that they were duly appointed by the Governor.
As the record and the pleadings now stand before us, there is only the issue raised by the exception of the defendant Munster asserting his claim to be secretary. His exception does not put at issue the right of the two new members to be recognized as members of the Board, but only his own position. We are of the opinion that the trial judge erred in permitting evidence to be ascertained as to the other possible claimants as members of the Board, and at the same time not permitting the new members of the Board to establish a prima facie case of their right to be recognized as members of the Board. No other claimants have appeared in this suit directly attacking the right of the new members to hold office.
Additionally, we must note that defendant has not filed answer herein as required by C.C.P. art. 3783 and there are no allegations of fact contained in his exceptions which might deny that Willhoft and Meyers are legally members.
Since this is a summary proceeding, and for the purposes only of the exception before us, we conclude that the allegations of the petition should be taken as true, rather than remand this matter back for a new hearing on the exceptions. To do otherwise would only cause an unreasonable delay and seriously impede the proper function of this public body, charged with the safeguarding of the Parish of St. Bernard from danger by floods, etc.
Insofar as the claim of defendant’s right to office may be concerned, we do not find that it is determinative of the issue here. The sole purpose of the suit is to require the defendant to turn over the records of the levee district to its president. The law certainly gives the Board of Commissioners the right to require this, irrespective of whether defendant is still secretary or not. The provisions of LSA-R.S. 38:1071 et seq., which provide for the Lake Borgne Basin Levee District, show quite clearly (particularly sections 1072, 1074, 1076) that the management and control of the district and all of the authority therein is vested in the Board of Commissioners, and the secretary is simply an employee whose duties, salary and term of office are wholly within the determination of the Board. Upon a proper showing of color of title to the office on the part of the alleged plaintiff Board, the defendant must *583 turn over to that plaintiff the records it seeks.
For the reasons assigned, it is ordered that the Writ of Certiorari herein issued be made peremptory. It is further ordered that the judgment appealed from be and it is now reversed and that there be judgment in favor of plaintiffs and against defendant, overruling and dismissing the exceptions of improper procedure and lack of jurisdiction, and remanding this matter to the trial court for a summary hearing in accordance with the provisions of the Code of Civil Procedure and consistent with the views expressed herein.
The costs of this appeal shall be paid by the defendant. All other costs to await the final determination of the case.
Writ made peremptory.

. Plaintiffs contend the Board is composed of Willhoft, Meyers, and Maurice L. Vin-sanau. Defendant testified that the Board is composed of Willhoft, Vinsanau, and Irvin J. G. Janssen.